IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 26, 2010

## TINA MARIE JENNINGS ELAM (ENGLE) v. LARRY DANIEL ELAM, JR.

**Appeal from the Chancery Court for Rutherford County**
**No. 03-6292DR      David M. Bragg, Judge**

**No. M2010-00072-COA-R3-CV - Filed July 27, 2010**

The father has appealed from the trial court's order naming the mother as the primary residential parent and allowing her to move to Indiana with the parties' minor child. Because the trial court's order does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., concurred.

Daryl M. South, Murfreesboro, Tennessee, for the appellant, Larry Daniel Elam, Jr.

Brad W. Hornsby, Murfreesboro, Tennessee, for the appellee, Tina Marie Elam (Engle).

**MEMORANDUM OPINION**[1]

The parties were divorced by a final decree of the Chancery Court for Rutherford County on August 12, 2003. The final decree, together with the parties' marital dissolution agreement and permanent parenting plan, sets forth the parties' residential time with the minor child as well as the father's child support and alimony obligations. Since the divorce,

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the parties have engaged in further litigation regarding the father's support obligations, including a petition for contempt filed by the mother in December of 2008, which appears to remain pending.

On August 27, 2009, the mother notified the father that she intended to move to Indiana with the minor child. The father filed a petition in opposition to the relocation on September 22, 2009. On December 8, 2009, the trial court entered an order finding that the parties spent "fairly equal" periods of time with the child and that the mother had no reasonable purpose for the move to Indiana, but that it would nevertheless be in the child's best interests to move to Indiana with the mother. The trial court thus designated the mother as the primary residential parent and granted her permission to move to Indiana with the child. The order provided that "upon request, the court will address the issue of child support based upon said move of mother." The court also noted that it "did not rule upon the previously filed contempt petition and the remaining request of mother for attorney's fees and will let that matter be resolved by Judge Taylor at a subsequent hearing."[2] No new permanent parenting plan was filed as required by Tenn. Code Ann. § 36-6-404. The father filed his notice of appeal on January 5, 2010.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. The trial court may direct the entry of a final judgment as to fewer than all of the claims or parties. Tenn. R. Civ. P. 54.02. However, the trial court must make an express determination that there is no just reason for delay and an express direction for the entry of judgment. Tenn. R. Civ. P. 54.02.

The record on appeal was received by this court on April 20, 2010. Upon reviewing the record, the court determined that the December 8, 2009 order is not a final judgment because the trial court has not resolved the issue of child support, disposed of the mother's contempt petition, or approved a permanent parenting plan. Moreover, the trial court has not directed the entry of a final judgment in accordance with Tenn. R. Civ. P. 54.02. On May 10, 2010, this court ordered the father either to obtain a final judgment from the trial court

---

[2]Judge Royce Taylor, to whom the case had been previously assigned, was unavailable on the trial date, and the case was transferred to Judge David Bragg without objection.

within sixty days or else to show cause why his appeal should not be dismissed. More than sixty days have now passed, no final judgment has yet been entered, and the father has not otherwise responded to our order.

Because the trial court has not yet entered a final judgment, the father's appeal is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. Should a new appeal be filed, the clerk of this court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. The costs of the appeal are taxed to Larry Daniel Elam, Jr, and his surety.

PER CURIAM